UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNA ATTERBERY,<br><br>  Petitioner,<br><br>v.<br><br>YUKON ZAK LLC, et al.,<br><br>  Defendants. | Case No. 1:22-cv-01059-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING FILING OF PROOFS OF SERVICE OR REPORT WITHIN SEVEN DAYS**<br><br>(ECF No. 8) |

Plaintiff commenced this action with the filing of a complaint on August 19, 2022. (ECF No. 1.) On August 23, 2022, the Clerk of Court issued a summons, and the Court entered an Order that, among other things, directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (ECF Nos. 4 & 6 at p. 1). As of the date of this Order – some three months later – Plaintiff has not filed proofs of service for the summons and complaint.

On November 8, 2022, Plaintiff was ordered to show cause in writing within three days why she should not be sanctioned for failing to prosecute this action. (ECF No. 8.) Eight days later, on November 16, 2022, Plaintiff's counsel filed a declaration in which he attested that the failure to prosecute was due in part to an oversight related to the file transfer in his law firm. Plaintiff's counsel further attested that at the time the Court issued its order to show cause, he was out of the office due to the birth of his child. Plaintiff's counsel declares that upon return to the office, he

discovered the existence of the order to show cause and immediately sent out for service the summons and complaint.  (ECF No. 9).

To determine whether neglect is excusable, a court must consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).

Based on his declaration, the Court understands Plaintiff's counsel was not monitoring his law firm's email account between the date the Court docketed the order to show cause (November 8, 2022) and the date he returned to the office following the birth of his child (November 16, 2022). Whether or not Plaintiff's counsel was able to monitor his law firm's email account, the Court notes that the website of Plaintiff's retained law firm reflects that counsel has several colleagues that should have been available to monitor filings made in counsel's cases during his absence.

Plaintiff's counsel is reminded that he is obligated to exercise reasonable diligence in representing his client and avoid undue delay in pursuing this action under Rule 1.3 of the California Rules of Professional Conduct.

The Court has considered the *Veritas* factors in the light of the representations made by Plaintiff's counsel in his declaration and finds that the conduct of Plaintiff's counsel discussed above constitutes excusable neglect.  Accordingly, the Court finds good cause to discharge the order to show cause, and IT IS HEREBY ORDERED that the Court's November 8, 2022, order to show cause (ECF No. 8) is DISCHARGED.

IT IS FURTHER ORDERED that within seven days after entry of this order, Plaintiff's counsel SHALL either file proofs of service of the summons and complaint or a report setting forth the reasons why the summons and complaint has not been served.

IT IS SO ORDERED.

Dated:   **November 17, 2022**                          _____
                                                                                  UNITED STATES MAGISTRATE JUDGE